UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRAD HUNT,**

    **Plaintiff,**

v.                                          Case No: 8:25-cv-00092-MSS-TGW

**SKYGROUP INVESTMENTS LLC**
**d/b/a iFLY,**

    **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Dismiss Defendant's Counterclaims, (Dkt. 17), and Defendant's response in opposition thereto. (Dkt. 18) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion to Dismiss Defendant's Counterclaims.

    **I.**     **BACKGROUND**

Plaintiff Brad Hunt ("Plaintiff" or "Hunt") initiated this action against Defendant SkyGroup Investments LLC d/b/a iFLY ("Defendant" or "SkyGroup") on January 13, 2025. (Dkt. 1) SkyGroup operates indoor skydiving facilities and formerly employed Plaintiff as an instructor and trainer. (Id. at ¶¶ 5, 27) In the Complaint, Plaintiff raises claims of gender discrimination and retaliation under Title

VII of the Civil Rights Act and the Florida Civil Rights Act, as well as a claim under the Florida Private Whistle-Blower's Act. (Id.)

In SkyGroup's Answer and Affirmative Defenses, SkyGroup raises a counterclaim against Plaintiff, alleging a breach of the fiduciary duty of loyalty.[1] (Dkt. 9) In support of the counterclaim, SkyGroup alleges the following facts.

At some time prior to July 3, 2024, Hunt suffered a non-work-related injury that visibly affected his mobility. (Id. at ¶ 8) SkyGroup's General Manager, Emily Kristansen, informed Hunt he would not be permitted to perform work duties, including coaching, until he provided a letter medically clearing him to perform his duties and Human Resources reviewed the letter and confirmed Hunt could safely resume his duties. (Id.)

On July 3, 2024, Hunt "was scheduled to be on shift and was paid to be on shift that day." (Id. at ¶ 6) When he arrived at SkyGroup's facility, he motioned for Kristansen to come into an office with him. (Id. at ¶ 9) Hunt "removed a doctor's note from his bag and presented it to Kristansen." (Id.) SkyGroup alleges that while Kristansen read the note, Hunt closed the door to the office, positioned himself in front of the door to block the only exit from the office, and "aggressively confronted Kristansen." (Id.) SkyGroup alleges "Hunt stood in front of the door during the entire interaction with Kristansen and placed his hand on the door to prevent anyone from

---

[1] In this Order, the Court does not address Count II of Defendant's counterclaim, breach of an implied employment contract, because Defendant represents in its response to the Motion to Dismiss, "In accordance with Rule 15, Fed. R. Civ. P., [Defendant] has decided to amend its Counterclaim to remove that count." (Dkt. 18 at 2)

2

leaving the office or entering the office." (Id. at ¶ 10) When another employee tried to open the door to enter the office during the confrontation, Hunt allegedly prevented him or her from doing so. (Id.) Even though Kristansen told Hunt that he could not perform any duties until Human Resources approved the return-to-work letter, Hunt ignored this direction and attempted to "drive" the indoor sky-diving tunnel. (Id. at ¶ 14)

SkyGroup alleges Hunt intentionally and unreasonably restrained Kristansen without her consent and without legal authority. (Id. at ¶ 11) SkyGroup alleges Hunt's alleged false imprisonment of Kristansen caused her mental distress. (Id. at ¶ 12) She allegedly worried that Hunt would show up at the tunnel when she was working and be aggressive and violent toward her again. (Id.) She also feared that Hunt would physically harm her. (Id.) This distress allegedly distracted Kristansen from her work, which negatively impacted her productivity. (Id. at ¶ 13)

SkyGroup alleges it maintained policies against bullying, intimidating, and harassing behavior in the work environment at the time of the alleged incident and that Hunt was aware of these policies. (Id. at ¶¶ 15–16)

SkyGroup alleges Hunt, as an employee, owed SkyGroup a fiduciary duty of loyalty to act in SkyGroup's best interests. (Id. at ¶ 18) SkyGroup alleges Hunt violated this duty of loyalty when he allegedly falsely imprisoned Kristansen and attempted to work in the wind tunnel without approval from Human Resources. (Id. at ¶ 19)

Plaintiff Hunt moves to dismiss Defendant's counterclaim for failure to state a claim. (Dkt. 17) First, Plaintiff argues the counterclaim should be dismissed because

3

he owed no fiduciary duty to SkyGroup. (Id. at 2–11) Specifically, Plaintiff argues Florida law does not recognize a fiduciary duty for standard at-will employees unless a special relationship exists between the employer and the employee. (Id. at 10) Second, Plaintiff argues SkyGroup's allegations are speculative and fail to establish that Plaintiff's alleged conduct amounted to a breach of fiduciary duty. (Id.) Third, Plaintiff argues SkyGroup fails to allege actual damages resulting from Plaintiff's alleged breach. (Id. at 10–12) Plaintiff also argues Defendant's counterclaim is improperly retaliatory. (Id. at 15–16)

In response, SkyGroup argues Hunt owed SkyGroup a fiduciary duty of loyalty due to their employer-employee relationship and his alleged actions breached this duty. (Dkt. 18 at 3–5) SkyGroup argues it adequately alleges damages by alleging financial harm resulting from Kristansen's low productivity following the alleged incident with Hunt. (Id. at 7) SkyGroup also maintains its counterclaim is not retaliatory; rather, it seeks relief for the financial harm caused by Hunt's alleged breaches. (Id.)

## II.   LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley

v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In considering a motion to dismiss and evaluating the sufficiency of a complaint, a court must accept the well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id.

### III.   DISCUSSION

SkyGroup fails to plausibly allege its counterclaim under Florida law. For this reason, Plaintiff's Motion is due to be **GRANTED**.

Although Plaintiff owed a fiduciary duty of loyalty to SkyGroup, the factual allegations do not state a claim for Plaintiff's breach of that duty. In some cases, Florida courts have recognized that "[a]n employee owes a duty of loyalty to his employer." Werner Enters., Inc. v. Mendez, 362 So. 3d 278, 282 (Fla. 5th DCA 2023) (citations omitted); OPS Int'l, Inc. v. Ekeanyanwu, 672 F. Supp. 3d 1228, 1236 (M.D. Fla. 2023) (citations and internal quotations omitted) ("It is well-established under Florida law that an employee owes a fiduciary duty and a duty of loyalty to his or her employer."). As a general matter, the duty of loyalty requires an employee to refrain from engaging in disloyal competition with his or her employer, or otherwise to cause

5

injury to its business endeavors. See "Contracts of Employment," Williston on Contracts, § 54:26 (4th ed.) ("The duty of loyalty is generally confined to instances of direct competition, misappropriation of profits, property, business opportunities, trade secrets and other confidences, and deliberate acts adverse to the employer's interests . . . ."); cf. Werner, 362 So. 3d at 282 (citations and internal quotations omitted) (noting an employee does not violate that duty "when he merely organizes a corporation during his employment to carry on a rival business after the expiration of his employment"); Furmanite Am., Inc. v. T.D. Williamson, Inc., 506 F. Supp. 2d 1134, 1149 (M.D. Fla. 2007) (stating the duty of loyalty prohibits an employee from engaging "in disloyal acts in anticipation of his future competition, such as using confidential information acquired during the course of his employment or soliciting customers and other employees prior to the end of his employment").

Here, SkyGroup's allegations do not give rise to a claim for breach of the fiduciary duty of loyalty. None of the allegations demonstrate Plaintiff sought to divert business opportunities or profits from SkyGroup. SkyGroup identifies no case law applying the duty of loyalty where an employee's misconduct in the workplace disrupts productivity. Moreover, SkyGroup fails to allege sufficient facts to support a claim for damages because SkyGroup fails to plead how Kristansen's alleged lower productivity affected SkyGroup. Defendant alleges no facts about Kristansen, her position, or the importance of her productivity to SkyGroup's business. Without more, the Court cannot find that Plaintiff's alleged behavior constituted a deliberate act adverse to

SkyGroup's interests in the context of the duty of loyalty. Accordingly, Defendant's counterclaim is due to be **DISMISSED WITHOUT PREJUDICE**.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Dismiss Defendant's Counterclaims, (Dkt. 17), is **GRANTED**.

2. The Court permits Defendant **twenty-one (21) days** from the date of this Order to file an amended counterclaim if Defendant believes an amendment will cure the deficiencies outlined in this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of April 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person